**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HADI PEZESHKI,
      Appellant,

    v.

DEPARTMENT OF
   TRANSPORTATION,
      Agency.

DOCKET NUMBER
PH-0432-23-0354-I-1

DATE:  April 16, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hadi Pezeshki</u>, Mount Laurel, New Jersey, pro se.

<u>Silvio Jose Morales</u> and <u>Adora Olisaemeka Onyiuke</u>, Washington, D.C.,
   for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his performance-based removal under 5 U.S.C. chapter 43.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-12 Civil Engineer (Highway) for the agency's Federal Highway Administration, New Jersey Federal Aid Division. Initial Appeal File (IAF), Tab 6 at 26. The major duties of that position involve providing technical advice and assistance in connection with various aspects of state highway programs. IAF, Tab 11 at 11-12. The appellant's performance year ran from June 1 through May 31 of each year, and his performance was rated on the following four-tier scale: Outstanding, Exceeded Expectations, Fully Successful, and Unacceptable. IAF, Tab 9 at 26. His performance standards included five critical elements. *Id.* at 30-34.

On December 19, 2022, the Director of Engineering notified the appellant that his performance had fallen below an acceptable level for each of the five critical elements. *Id.* at 17-24. He provided the appellant a 90-day Opportunity to Demonstrate Acceptable Performance (ODAP) and warned him that if he failed to demonstrate fully successful performance in each element, he would be subject to remedial action, up to and including removal. *Id.* at 24-25. After the ODAP ended, the Director of Engineering found that the appellant had failed to

demonstrate acceptable performance in three of the five critical elements (critical elements 1-3), and he issued a notice of proposed removal on that basis. IAF, Tab 7 at 106-13. The appellant responded to the proposal, but the agency issued a decision sustaining the charge and removing him under the authority of 5 U.S.C. chapter 43, effective July 27, 2023. IAF, Tab 6 at 26-34.

The appellant filed a Board appeal, contesting the merits of his removal and raising affirmative defenses of harmful error, violation of due process, retaliation for equal employment opportunity (EEO) activity, retaliation for filing a complaint against the agency, and discrimination based on age, religion, and national origin. IAF, Tab 1, Tab 42 at 5, Tab 47 at 4. After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 61, Initial Decision (ID). She found that the agency proved each element of its case, ID at 5-31, and that the appellant did not prove any of his affirmative defenses, ID at 31-49.

The appellant has filed a petition for review, disputing the administrative judge's conclusions as well as the adequacy of the process. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

## ANALYSIS

### The agency proved its charge.

To defend an action under chapter 43, the agency must prove by substantial evidence that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the

appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021); *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15. The administrative judge found that the agency met its burden with respect to each of these six elements. ID at 5-31.

The appellant does not contest the administrative judge's findings on the first three elements, and for the reasons explained in the initial decision, we agree that the agency proved them by substantial evidence. ID at 5-13. Regarding element four, the appellant argues that the administrative judge failed to consider his "superior performance." PFR File, Tab 1 at 3. We understand the appellant to be arguing that he achieved high ratings in some prior performance evaluations. However, the record does not show that the appellant had superior performance during performance year 2023, which encompassed both the 6 months leading up to the ODAP and the ODAP itself, and is therefore the time period relevant to this appeal. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant's performance during the 6 months leading up to the ODAP was unacceptable in one or more critical elements. ID at 13-17.

Regarding the fifth element, the administrative judge found that the agency warned the appellant of the inadequacies in his performance and that the 90-day ODAP offered him an adequate opportunity to demonstrate acceptable performance. ID at 17-18. On review, the appellant argues that the agency gave him an excessive amount of collateral work during the ODAP, including getting oil changes and recall work for four government vehicles and covering work assignments for a colleague on detail. PFR File, Tab 1 at 3-4. He further argues that, during the ODAP, he should have been relieved of administrative duties

such as filing and reading emails, so that he could concentrate on his substantive work. *Id.* at 3. He argues that his supervisors assigned him more difficult work than they did to other engineers. *Id.* at 4.

The Board has found that the imposition of extra workload and responsibilities during an ODAP could deprive an employee of a reasonable opportunity to demonstrate acceptable performance. *Hober v. Department of the Army*, 64 M.S.P.R. 129, 132 (1994). However, in this case, the record does not support a finding that the appellant's collateral and administrative duties during the ODAP were such that they unreasonably interfered with his ability to demonstrate acceptable performance. There is no evidence that such collateral and administrative duties are not part of the ordinary work of a Civil Engineer. *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 13 (2013). Rather, the record shows that all engineers in the New Jersey Division have collateral duties, IAF, Tab 59-9, Hearing Transcript (Tr. Day 4) at 63-64 (testimony of the Director of Engineering), and there is no evidence to show that the appellant's collateral duties during the ODAP were any greater than they had previously been or that they were greater than the collateral duties assigned to his colleagues. In fact, the record shows that the appellant's overall workload, collateral duties included, was lighter than the workload of other engineers. Tr. Day 4 at 83 (testimony of the Director of Engineering). The record further shows that the agency takes an employee's collateral duties into account when assigning other work. Tr. Day 4 at 66 (testimony of the Director of Engineering). The appellant testified that he spent "a long time" on collateral duties, Tr. Day 4 at 185-86 (testimony of the appellant), but the record does not show precisely how much time the appellant was spending or how much time those duties should reasonably have consumed. As for administrative tasks, such as filing and email correspondence, these are normal parts of most professional jobs, and it is difficult to see how an employee in the appellant's position could accomplish his work without them. In any event, the administrative judge credited the testimony

of the Director of Engineering and the Program Manager that the appellant's workload during the ODAP was light, and the appellant has not provided a sufficiently sound reason to overturn the administrative judge's demeanor-based credibility determinations. ID at 30; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

The appellant also argues that his supervisors sabotaged his work during the ODAP by continually changing the topic of the process review he was working on.[2] PFR File, Tab 1 at 3. The administrative judge addressed this issue in her initial decision. ID at 15-16. She considered the appellant's testimony that he identified several process review topics and the Program Manager rejected all of them. ID at 15; Tr. Day 4 at 191 (testimony of the appellant). However, she credited the Program Manager's testimony that the appellant's proposed topic would not work and that he suggested two other topics, neither of which the appellant selected. ID at 16; Tab 16 at 221, Tab 53-6, Hearing Transcript Day 1 at 132-34 (testimony of the Program Manager). We see no basis to disturb the administrative judge's finding on this issue, and we find insufficient evidence to conclude that the agency hampered the appellant's ability to select a process review topic.

The appellant further argues that the administrative judge failed to consider that he was required to perform two process reviews while other engineers were permitted to collaborate on a single process review. PFR File, Tab 1 at 6.

---

[2] Critical element 3 requires that the employee actively participate in at least one "process review" during the performance year. IAF, Tab 9 at 32. As relevant here, a process review is a procedure by which the agency scrutinizes the state's process for accomplishing a certain task, e.g., project delivery, identifies risks, and recommends ways to improve the process. IAF, Tab 16 at 214, Tab 53-6, Hearing Transcript (Tr. Day 1) at 56-58 (testimony of the Program Manager), Tab 54-7, Hearing Transcript Day 2 at 122 (testimony of the Program Manager). In early 2022, the appellant and the other engineers on his team were assigned to select process review topics, and by December 2022, the appellant was the only one who had not yet done so. IAF, Tab 16 at 215; Tr. Day 1 at 56-57 (testimony of the Program Manager); Tr. Day 4 at 84-87 (testimony of the Director of Engineering).

However, we find that the administrative judge did address these issues. She found that one of the two process reviews was being performed by the New Jersey Department of Transportation, and not by the agency, and that was not the same thing as the agency-led process review that the appellant was required to help develop. ID at 29. She also found that, like his colleagues, the appellant had the opportunity to develop a process review plan in collaboration with other engineers, but the appellant chose instead to work independently on a smaller, more focused process review. ID at 30. The petition for review does not specifically address these findings, and we see no basis to disturb them.

For these reasons, we agree with the administrative judge that the agency proved by substantial evidence that the 90-day ODAP offered the appellant a reasonable opportunity to demonstrate acceptable performance.

Regarding the sixth element, i.e., whether the appellant demonstrated acceptable performance during the ODAP, the administrative judge considered the examples of unacceptable performance that the agency cited in its notice of proposed removal with respect to critical elements 1, 2, and 3, and she found substantial evidence in the record to support the agency's conclusion that the appellant's performance in each of those three elements was unacceptable. ID at 19-31; IAF, Tab 7 at 107-11.

The appellant argues that the administrative judge simply copied and pasted the agency's version of events from the notice of proposed removal and that she did not consider his side of the story or cite to the hearing testimony. PFR File, Tab 1 at 3. We do not agree. Although the administrative judge took the allegations in the proposed removal as a starting point for her analysis, she tested those allegations against the record evidence, including the testimonial and documentary evidence submitted by the appellant. ID at 19-31. A proposal notice can constitute valid proof of an agency's charges, where the notice is not merely conclusory, but sets forth in detail an employee's errors and deficiencies, and where the notice is corroborated by other evidence. *Fernand v. Department*

*of the Treasury*, 100 M.S.P.R. 259, ¶ 10 (2005), *aff'd*, 210 F. App'x 992 (Fed. Cir. 2006); *see also DePauw v. U.S. International Trade Commission*, 782 F.2d 1564, 1566-67 (Fed. Cir. 1986) (holding that specifications in a notice of proposed removal under chapter 43 that are sufficiently detailed to be disputed by the appellant, if he so desires, may be considered as evidence). There is nothing about the initial decision to suggest that the administrative judge rubber-stamped the removal or ignored any material evidence in reaching her decision. We find the initial decision to be thorough and well-reasoned, with appropriate reference to the record and the legal authorities on which the administrative judge's reasoning rests. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

More specifically, the appellant disputes the administrative judge's evaluation of his performance under critical element 2. The administrative judge found that the appellant failed to give his supervisors progress reports adequate to keep them apprised of the status of a project that he was working on. ID at 23-24, 26. On petition for review, the appellant argues that his supervisors refused to accept his work products and progress reports and that they did not give him instructions on how to submit those reports. PFR File, Tab 1 at 3. The administrative judge addressed these issues, finding that the appellant's supervisors did not accept the appellant's progress reports because they were unclear and incomplete. ID at 23-24. She also found that the appellant's supervisors invited him to relay his progress by different means and told him that they could be flexible about the format of his reports. ID at 24. The appellant has provided no basis to disturb these findings. As for the appellant's supervisors not providing him more guidance on how to formulate his reports, we find that the guidance that the appellant received during and after his biweekly ODAP meetings was more than sufficient. IAF, Tab 7 at 176-87, Tab 8, Tab 9 at 4-16. The appellant's performance elements indicate that the need for excessive supervision is itself a marker of unacceptable performance. IAF, Tab 9 at 26.

For the reasons explained in the initial decision, we agree with the administrative judge that there is substantial evidence to show that the appellant did not demonstrate acceptable performance during the ODAP. ID at 19-13. The agency has carried its burden to prove its performance-based charge under chapter 43.

The appellant did not prove his affirmative defenses.

As set forth above, the appellant raised numerous affirmative defenses, including defenses of discrimination, retaliation, harmful error, and violation of due process. On review, the appellant does not contest the administrative judge's findings on his affirmative defenses of age discrimination, harmful error, due process violation, retaliation for filing a complaint, or retaliation for EEO activity. We have reviewed the administrative judge's analyses of these defenses, and we find no basis to disturb them.[3] ID at 34, 39-40, 43-49.

The appellant also raised affirmative defenses of religion and national origin discrimination under both disparate treatment and disparate impact theories. IAF, Tab 47 at 4. To prove these affirmative defenses under a disparate treatment theory, the appellant would need to show that discrimination was at least a motivating factor in his removal. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. In her initial decision, the administrative judge found that the appellant did not present sufficient credible evidence from which she could infer that either religion or national origin were motivating factors in his removal. ID at 37-39.

On petition for review, the appellant states that agency officials treated him differently than other employees based on his religion and national origin,

---

[3] The appellant also claimed that the agency subjected him to harassment and a hostile work environment, and the administrative judge analyzed this as a separate affirmative defense. IAF, Tab 47 at 4; ID at 42-43. It is not entirely clear that this could be a viable standalone defense in the context of the instant appeal, but in any event, the administrative judge found that the appellant did not prove it, and the appellant has provided no basis to disturb that finding.

harassing him based on his nationality and laughing at him during his prayers.[4] PFR File, Tab 1 at 3-4. He states that all of the engineers in the New Jersey Federal Aid Division had a problem with the Director of Engineering and the Program Manager, he states that other engineers received preferential treatment in promotions, he states that he was the only person who was required to report to the office during the COVID-19 pandemic, and he lists five other engineers who underwent ODAPs and subsequently left the Division. *Id.* at 4.

We have considered the appellant's arguments, but we find that they provide no basis to disturb the initial decision. If the appellant's supervisors had harassed him based on his nationality or laughed at him while he prayed, this certainly could be relevant to his claims. *See Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 12 (stating that "behavior toward or comments directed at other employees in the protected group" may constitute circumstantial evidence of discrimination). However, the administrative judge specifically addressed these issues, finding that the relevant agency officials were unaware of the appellant's national origin, and that nobody laughed at the appellant while he prayed at work. ID at 37-38. The appellant has not provided a sufficient basis to overturn the administrative judge's findings, which were founded in part on explicit demeanor-based credibility determinations. *See Haebe*, 288 F.3d at 1301. Similarly, if the agency had discriminated against the appellant in promotion actions, this could be relevant to the question of whether his removal was discriminatory as well. However, the record lacks sufficient evidence about the other engineers and the circumstances of their promotions from which the Board

---

[4] The appellant also states that the agency treated him differently because of his race. PFR File, Tab 1 at 3. However, he did not raise an affirmative defense of race discrimination below. Because the appellant has not shown that this claim is based on previously unavailable evidence, we decline to consider it. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

could infer discrimination in the agency's promotion practices. Likewise, the record concerning the agency's treatment of the appellant during the COVID-19 pandemic is insufficient for us to conclude that the agency treated the appellant less favorably in this matter because of his religion or national origin.

As for other employees' opinions about the appellant's supervisors, we find nothing in the record to support the appellant's contention that "[a]ll Area Engineers had a problem" with them. PFR File, Tab 1 at 4. Furthermore, even if this were true, there is no basis for us to conclude that they formed these opinions because they perceived the supervisors to be acting in a discriminatory or retaliatory manner. Regarding the other engineers who were given an ODAP, the record does not contain sufficient information about their cases from which we could infer discrimination against the appellant. In fact, evidence that the agency has subjected other engineers in the New Jersey Federal Aid Division to ODAPs would tend to undercut the appellant's case. *See Fitz-Gerald v. Tennessee Valley Authority*, EEOC Appeal Nos. 01911144; 01910165, 1992 WL 1374360 at *6 n.3 (Jan. 16, 1992) ("[W]e note that if appellant's allegation were taken as true, it would undercut his claim of reprisal, since it would tend to show that appellant was treated in the same manner as other employees.") For these reasons, and for the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove his affirmative defenses of disparate treatment discrimination based on religion or national origin. ID at 37-39.

To prove an affirmative defense of discrimination based on disparate impact, an appellant must identify a facially neutral employment practice and offer statistical evidence of a kind and degree sufficient to show that the practice in question falls more harshly on members of his protected class. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994-95 (1988). The administrative judge found that the appellant did not prove discrimination under a disparate impact theory because he provided no evidence to show that removals in the agency fall more harshly on one group than another. ID at 42. The appellant has not directly

challenged the administrative judge's finding, and we agree with her analysis. *See Irene F. v. Department of Commerce*, EEOC Appeal No. 2020004329, 2021 WL 5889198 at \*2 (Nov. 8, 2021) (finding that the appellant did not establish a prima facie case of disparate impact discrimination because she did not present any statistical evidence to show that the practice at issue fell more harshly on members of her protected class).

The appellant's other arguments provide no basis to disturb the initial decision.

The appellant argues that he was prejudiced by the way that the administrative judge conducted the hearing. He states that the agency attorneys interrupted him and talked over each other, the administrative judge repeatedly sustained their objections, and the administrative judge did not give him an opportunity to question witnesses. PFR File, Tab 1 at 3. The Board's administrative judges are required to conduct fair and impartial hearings, and in doing so, have broad discretion to control the proceedings before them, subject to an abuse of discretion standard. *Dangerfield v. U.S. Postal Service*, 77 M.S.P.R. 678, 684 (1998); 5 C.F.R. § 2101.41(b)(6).

In this case, the appellant has not identified any specific hearing-related ruling that he believes was incorrect, and based on our review of the hearing transcripts, we find no abuse of discretion in the way that the administrative judge conducted the hearing. The administrative judge sustained numerous objections from the agency attorneys based on such matters as relevance and the form of questions, *e.g.*, Tr. Day 4 at 10-11 (testimony of the Director of Engineering), 172-73 (testimony of the Intelligent Transportation System Specialist), but these rulings were consistent with normal Board procedure. We also do not agree with the appellant that the administrative judge deprived him of the opportunity to question witnesses. Although the administrative judge did not permit the appellant to ask repetitive or irrelevant questions and required that his examinations adhere more or less to proper form, she explained her rulings to him and offered appropriate assistance so that he had a meaningful opportunity to

participate in the hearing despite his pro se status and lack of familiarity with the procedures. *E.g.*, IAF, Tab 58-12, Hearing Transcript Day 3 at 6 (testimony of the Director of Engineering), 203-04, 237, 239, 279 (testimony of the deciding official).

The appellant also contests the very premise of an ODAP, arguing that putting an underperforming employee on an ODAP is not helpful to that employee. PFR File, Tab 1 at 4. He also argues that, in light of the supervisory assistance offered during an ODAP, the only way that an employee can fail to demonstrate acceptable performance is if he is set up to fail. PFR File, Tab 1 at 4. We have considered the appellant's arguments, but we do not agree. The procedures of 5 U.S.C. chapter 43, including the opportunity to demonstrate acceptable performance, were established by Congress in the Civil Service Reform Act of 1978, and they are available for agencies to use as a management tool notwithstanding the appellant's doubts about their efficacy. *See* 5 U.S.C. § 4302(c)(6). As for supervisory assistance, OPM's regulations provide that, "As part of the employee's opportunity to demonstrate acceptable performance, the agency shall offer assistance to the employee in improving unacceptable performance." 5 C.F.R. § 432.104. This, however, does not mean that the individual assisting the employee will do the employee's job for him, and it is in no way a guarantee that the employee's performance during the ODAP will be deemed successful.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.